UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| NORMAN F. WRIGHT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:16-CV-159-JRG-MCLC |
| | ) |
| JUSTIN SMITH and HERBERT | ) |
| SLATERY,[1] | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Before the Court is a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, a motion for leave to proceed *in forma pauperis*, and a motion to appoint counsel filed by Petitioner [Docs. 1, 3, and 4]. It appears from the motion for leave to proceed *in forma pauperis* that Petitioner lacks sufficient financial resources to pay the $5.00 filing fee. Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 3] will therefore be **GRANTED.** For the reasons set forth below, however, this action will be **DISMISSED without prejudice** to Petitioner exhausting available state remedies. Petitioner's motion to appoint counsel [Doc. 4] will therefore be **DENIED as moot**.

---

[1] As Petitioner is currently incarcerated in Colorado, it does not appear that he is currently in custody for the Hawkins County judgment Petitioner seeks to contest, and it is unclear from the petition whether Petitioner may be subject to future custody for this judgment. Under Rule 2 of the Rules Governing Section 2254 Cases, the proper respondent in a § 2254 petition is the state officer who has custody of the petitioner and, if the petitioner may be subject to future custody under the state judgment being contested, the attorney general of the state where the contested judgment was entered. As Petitioner is incarcerated at the Larimer County Jail in Fort Collins, Colorado, and is contesting a judgment entered in Tennessee, out of an abundance of caution the Court finds that the proper Respondents are Justin Smith, the Sheriff of Larimer County, and Herbert Slatery, the Attorney General of the State of Tennessee. The Clerk is therefore **DIRECTED** to substitute them as Respondents in this case.

Petitioner seeks to attack a judgment of conviction that was entered in Hawkins County, Tennessee on February 13, 2014 [Doc. 1 p. 1–2]. Petitioner specifically acknowledges that he did not file any appeal of this judgment of conviction [*Id.* at 2]. Further, while Petitioner states that he has initiated a post-conviction proceeding with respect this judgment, he cites Civil Case No. 2:16-CV-078, as the relevant post-conviction proceeding [*Id.* at 3]. As Petitioner recognizes, however, Civil Case No. 2:16-CV-078 is a civil rights case Petitioner filed in this district pursuant to 42 U.S.C. § 1983 seeking relief for alleged violations of his constitutional rights during incarceration [*Id.*], rather than a post-conviction proceeding seeking relief from the relevant judgment of conviction.

As a precondition to the granting of habeas corpus relief, a petitioner must demonstrate, as a matter of comity, that he has exhausted all available avenues of state relief by fairly presenting all claims to the state courts or that resort to state remedies would be useless. 28 U.S.C. § 2254(b) and (c); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973). A petitioner has not "exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right, under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding that federal claims must be completely exhausted by being fully and fairly offered to the state courts before seeking federal habeas corpus relief). Petitioner has the burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

As Petitioner acknowledges in his § 2254 that he has not pursued any state court remedies for the claims he sets forth therein, the petition establishes that Petitioner has not

2

Case 2:16-cv-00159-JRG-MCLC   Document 5   Filed 06/20/16   Page 2 of 3   PageID #: 22

Petitioner seeks to attack a judgment of conviction that was entered in Hawkins County, Tennessee on February 13, 2014 [Doc. 1 p. 1–2]. Petitioner specifically acknowledges that he did not file any appeal of this judgment of conviction [*Id.* at 2]. Further, while Petitioner states that he has initiated a post-conviction proceeding with respect this judgment, he cites Civil Case No. 2:16-CV-078, as the relevant post-conviction proceeding [*Id.* at 3]. As Petitioner recognizes, however, Civil Case No. 2:16-CV-078 is a civil rights case Petitioner filed in this district pursuant to 42 U.S.C. § 1983 seeking relief for alleged violations of his constitutional rights during incarceration [*Id.*], rather than a post-conviction proceeding seeking relief from the relevant judgment of conviction.

As a precondition to the granting of habeas corpus relief, a petitioner must demonstrate, as a matter of comity, that he has exhausted all available avenues of state relief by fairly presenting all claims to the state courts or that resort to state remedies would be useless. 28 U.S.C. § 2254(b) and (c); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973). A petitioner has not "exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right, under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding that federal claims must be completely exhausted by being fully and fairly offered to the state courts before seeking federal habeas corpus relief). Petitioner has the burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

As Petitioner acknowledges in his § 2254 that he has not pursued any state court remedies for the claims he sets forth therein, the petition establishes that Petitioner has not

exhausted available state court remedies. This action will therefore be **DISMISSED WITHOUT PREJUDICE** to Petitioner demonstrating exhaustion of those remedies.

For the reasons set forth above, after reviewing the petition under the appropriate standards in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ruling with regard to exhaustion of state court remedies, nor would they find debatable or wrong the Court's conclusion that exhaustion has not been shown. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Accordingly, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE